### EAGLE TUBE CO. v. HOLSTEN et al.

#### (Supreme Court, Appellate Term. May 15, 1908.)

1. LANDLORD AND TENANT—EVIDENCE OF RELATION.

    In summary proceedings to recover possession of leased premises, evidence *held* to establish occupancy by defendant, so that, even if the words of the writing, which included the terms of the letting, did not express a demise in præsenti, the entire situation established the existence of an actual lease, and not a mere agreement for one.

2. SAME—EVIDENCE AS TO THE RELATION.

    Even if the writing were void or insufficient, it might nevertheless be resorted to, in order to ascertain the terms of the letting, including the time of the year when the tenant could be compelled by the landlord to quit, and any covenants adapted to a letting for a year.

Appeal from Municipal Court, Borough of Manhattan.

Summary proceedings by the Eagle Tube Company against Henry Holsten and another to recover possession of certain real property. From a final order dismissing the petition, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

White & Blackford, for appellant.

David M. Neuberger, for respondents.

GREENBAUM, J. The payment by the tenant, at the time of the execution of the written instrument dated May 2, 1906, of the monthly rent therein reserved, the subsequent monthly payments of similar amounts of rent, the payment of taxes by the tenant in accordance with its terms, and the uncontradicted action of the tenant as testified to by the landlord in recognition of the existence of a valid lease, all conclusively establish the tenant's occupancy thereunder.

Even if it be assumed that the words of the writing did not ex-

press a demise in præsenti, we find all the terms of the letting included therein and an actual possession of the tenant thereunder—a situation that establishes the existence of an actual lease, and not a mere agreement for one. Arnold v. Rothschild's Sons Co., 37 App. Div. 564, 568, 56 N. Y. Supp. 161, affirmed 164 N. Y. 562, 58 N. E. 1085. And, if the instrument were regarded as void or insufficient, it may nevertheless be resorted to, in order to ascertain the terms of the letting, including "the time of the year when the tenant could be compelled by the landlord to quit and any covenants adapted to a letting for a year." Reeder v. Sayre, 70 N. Y. 180, 184, 26 Am. Rep. 567.

By the terms of the agreement the tenancy might be terminated by the landlord at any time, by serving upon the tenant a three months' notice to quit; and, the landlord having duly exercised his option, there was nothing shown upon the trial which should deprive the landlord of his right to a warrant of dispossession.

The final order dismissing the landlord's petition is reversed, and a new trial granted, with costs to appellant to abide the event. All concur.